# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed December 7, 1920.

## CLIFFORD BROTHERS COMPANY
### VS.
### ANGELO LOMBARDO.

*J. P. Wright* for plaintiff.
*Read A. McCaffrey* for defendant.

**DAWKINS, J.—**

The bill is filed to enforce an option (to sell to the tenant) contained in a lease to pay monthly rental, the rental being in arrears and a letter being written by the attorney for the defendant saying that the lease is cancelled in consequence of such arrearage, before notice was given of an intention to exercise the option to buy by the tenant.

While the discussion this morning and the cases cited have helped me a great deal, yet, after all, there is only one point in the case as it presents itself to me. It is only a question of whether or not the landlord had a right to give that notice when he did, and by that notice to terminate or cancel the lease. It does seem to me that the question of where the payments were to be made, about which there is some conflict, need not concern us at all. After all, what should determine the case—and it is to my mind the only point in the case—is what the people did under the contract and what was the course of dealing between them. There is no suggestion that any demand was ever made before Mr. McCaffrey's letter was sent. I take it that the parties had gone along under the contract accepting checks for rent after the first of the month whether there was failure to pay promptly or failure to send the rent by mail, whatever the understanding was, it was not paid on the first but accepted at different times. Checks, I notice, are dated at various dates in the months. The last check paid was dated about March 28th. The one prior to that is dated some time well into February, and other checks are dated all through different parts of the months. Whether the said times of payment were caused by the waiting for the landlord to come to get the money or whether it was the tenants' delay in sending it, the situation was accepted and lived under for three or four years, so that without any notice to the contrary that custom of paying must to have been acceptable to the parties.

There is not one word of testimony to indicate that it was not satisfactory until the letter of April 27th, which does not complain at all except it says in following the words of the lease (as the reason for cancelling the same) that ten days had expired.

So that is the situation confronting us. No demand for payment and no notice given of a wish or intention to change the practice that had been followed of taking the rent at different times in the month. Apparently there was no objection to the manner of payment, so that the intention of the parties must to have been that the rent be paid in that way. Nobody would seem to be hurt by the practice adopted or by carrying out the agreement for the tenant to buy. The landlord would not be hurt unless perchance the property is worth more now than it was three or four years ago when the agreement was signed. I do not see that the landlord was justified in exercising what may have been his rights ordinarily under the contract to give summary and arbitrary notice without previous demand for payment of this rent and say that he had re-entered and cancelled the contract. I think the case of Morrison in 90th Md. covers the question here involved of how far the parties are bound by their course of dealing and their manner of acting with regard to collections and other incidents of this contract. No matter how much conflict there may have been no one has said that there was any serious objection to the manner of dealing pursued. This letter attempting to cancel the original rent was without any previous notice of any kind or a desire to change the contract or the manner of living under it that had been followed. When the last rent was paid on March 28th, nobody said anything about its being too late, or that there was a wish to change the usual method. In view of that situation, and especially in view of the fact that nobody will be hurt apparently by carrying out this option to buy provision, I feel that this plaintiff would have a right to have that part of the contract enforced. If I read the contract aright it gives the plaintiff the right to buy at any time during the life of the contract. I do not see why he would not have the right to do it now upon notice by tendering the rent now that has accrued and giving notice of his intention. Possibly that would be the fairer way. Let the tenant give a notice now if the one al-

ready given is not sufficient that he intends to exercise his right and pay up all the rent that has accrued and give a certain time in which the respondent is to him a deed. At any rate, I think the rent ought to be paid to date in making any adjustment.

(Mr. Wright) I would be very glad to have your Honor decree that we pay the rent and also include in your decree a decree for specific performance of the contract, and then the matter will be settled as far as notices are concerned.

(The Court) I think that is the fair thing in this sort of case. The defendant made the contract, knowing what he was doing, and he gave the option to buy. There is nothing to indicate any fraud or anything of that kind. So I am prepared to sign a decree carrying out the views expressed.